IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-01067-RM

NOBUE RUTH HAGIWARA,

    Plaintiff,

v.

ANDREW SAUL, Commissioner of the Social Security Administration,[1]

    Defendant.

**ORDER**

This matter is before the Court on the following matters: (1) Plaintiff's Application for an Award of Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Application") (ECF No. 21); and (2) Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b) Pursuant to Fed. R. Civ. P. 60(b)(6) (the "Motion") (ECF No. 24). The Application is opposed by Defendant and fully briefed. Defendant takes no position as to the Motion. After its analysis of the record and the applicable law, the Court finds and orders as follows.

**I.    BACKGROUND**

Plaintiff suffers from a schizoaffective disorder. Plaintiff had two treating psychiatrists, Frederick Sakamoto, M.D. and Stephen J. Bishop, M.D. Dr. Bishop treated Plaintiff for about ten years, ending in mid-2012. To summarize, in July 2011, Dr. Bishop prepared a physical limitations assessment in July 2011; in June 2012, Dr. Bishop questioned why Plaintiff decompensated in June 2012 resulting in her hospitalization; and in February 2013, Dr. Bishop

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Nancy A. Berryhill because he became the Commissioner of Social Security on June 17, 2019.

essentially opined that Plaintiff was unable to work due to episodic bouts of psychosis. (TR 354-356, 331, 337, 327.) Dr. Sakamoto treated Plaintiff beginning in September 2012. (TR 357.)

In December 2012, Plaintiff applied for disability insurance benefits, alleging disability beginning on August 19, 2012. After the Administrative Law Judge ("ALJ") found Plaintiff was not disabled, and the Appeals Council denied Plaintiff's request for review, Plaintiff sought judicial review before this Court.

In her petition for review, Plaintiff raised several issues. What is relevant here is Plaintiff's issue of whether the ALJ failed to base his findings on substantial evidence when he failed to mention (much less discuss) Dr. Bishop and what weight, if any, he gave to Dr. Bishop's opinion. In response, Defendant argued that "the ALJ gave specific, legitimate reasons for discounting Dr. Sakamoto's opinion and those reasons apply with equal force to the opinion of Dr. Bishop, who did not treat Plaintiff during the relevant time period." (ECF No. 12, p. 11.) Defendant argued (incorrectly) that there was no evidence that Dr. Bishop had seen Plaintiff since 2011,[2] and that because the opinions of Dr. Bishop and Dr. Sakamoto were purportedly "similar" any error in failing to consider Dr. Bishop's opinion was harmless. (*Id.* at 5, 13.) The Court was not persuaded, finding it was not the Court's role to use Dr. Bishop's opinion to diagnose and determine disability, or to do the ALJ's work and explain away a treating psychiatrist's opinion for him. Thus, the Court vacated the denial of benefits and remanded the case so the requisite analysis of Dr. Bishop's opinion could be conducted.

After judgment was entered on the order of remand, Plaintiff filed her Application seeking fees under the Equal Access to Justice Act ("EAJA"). Defendant does not contest that Plaintiff was the prevailing party, that the applicable EAJA hourly rate is $201.98, or that the

---

[2] There is evidence in the record that Dr. Bishop saw Plaintiff in 2012. (TR 331, 337.)

time expended was reasonable. Instead, Defendant opposes the Application on the sole ground that its position was substantially justified.

Upon remand, Plaintiff received a favorable decision from the ALJ, finding Plaintiff disabled as of August 19, 2012. Defendant has paid Plaintiff's counsel $6,000 out of Plaintiff's retroactive disability benefits under 42 U.S.C. § 406(a) for counsel's work in the administrative proceedings. Plaintiff's Motion seeks fees under 42 U.S.C. § 406(b) of $15,935.50[3] for representation before the Court. Plaintiff's counsel advises that if fees are awarded under the EAJA Application and the Motion, counsel will refund the lesser of the two to Plaintiff under *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

## II. ANALYSIS

### A. The Application for EAJA Fees

As relevant here, the EAJA provides for an award of attorney's fees to a prevailing party against the United States unless the Court finds that the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The test for substantial justification "is one of reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotation marks and citation omitted). "The government's 'position can be justified even if it is not correct.'" *Hackett*, 475 F.3d at 1172 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The burden is on Defendant to show his position was substantially justified. *Hackett*, 475 F.3d at 1172.

The "position" a court considers is not only the position taken by the government in the civil action but also the action or inaction of the agency upon which the civil action is based. 28

---

[3] This is the difference between 25% of Plaintiff's past due benefits (0.25 x $87,742.00 = $21,935.50) and the $6,000 counsel already received from such benefits.

U.S.C. § 2412(d)(2)(D); *see also Hackett*, 475 F.3d at 1172.  In social security proceedings, the underlying agency action means the position of the ALJ.  *Hackett*, 475 F.3d at 1173.  Thus, EAJA "'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'" *Hackett*, 475 F.3d at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)).

The Tenth Circuit, however, "has recognized an exception when the government advances a reasonable litigation position that 'cures unreasonable agency action.'" *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (brackets omitted) (quoting *Hackett*, 475 F.3d at 1173-1174).  In the social security context, this includes "'when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless.'" *Evans*, 640 F. App'x at 733 (quoting *Groberg v. Astrue*, 505 F. App'x 763, 765–66 (10th Cir. 2012)).

In this case, Defendant contends he had a reasonable basis for the position taken in litigation; therefore, his position was substantially justified.  In support, Defendant argues that substantial justification exists where the record supported the ALJ's decision to discount an opinion, even though the ALJ's rationale was lacking, relying on two cases.  The Court finds the cases inapposite.

In *Thomas v. Astrue*, 475 F. App'x 296 (10th Cir. 2012), the Tenth Circuit affirmed the magistrate judge's denial of EAJA fees where the ALJ failed to weigh a medical expert's opinion which the ALJ clearly considered but which would likely have no effect on the ALJ's finding of no disability on remand.  Such is not the case here where it is a treating physician's opinion – wholly not mentioned or considered – which the Court found "[i]n many respects,…is at the core of the disagreements between the parties." (ECF No. 19, p. 11.)  Defendant's reliance on *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723 (6th Cir. 2014) is similarly unavailing.

4

In *DeLong*, the Sixth Circuit affirmed the denial of EAJA fees given the "critical" finding by the district court that, even though remand was warranted, the record did *not* strongly establish the claimant's entitlement to benefits. *DeLong*, 748 F.3d at 726. Further, in *DeLong*, the ALJ did not ignore the treating physicians at issue but included their services and record in his analysis. Such was not the case here.

The Court also considers *Lately v. Colvin*, 560 F. App'x 751 (10th Cir. 2014), upon which Defendant relied for harmless error in its response to Plaintiff's petition for remand, to evaluate whether Defendant's position was substantially justified. The *Lately* Court found harmless error where it could tell from the ALJ's rejection of one "nearly identical" treating physician opinion that the ALJ gave no weight to the omitted examining physician's opinion and the reasons for assigning it no weight. But, that is not true here. The Court reached no such conclusion and made no such finding. Instead, the Court recognized there are differences in the opinions; that Dr. Bishop's opinion spoke of "hallucinations and delusions" while Dr. Sakamoto's notes frequently commented on the absence of hallucinations.[4]

Finally, Defendant argues the Court should consider the fact that it rejected all of the other arguments made by Plaintiff which it considered. The Court is not precluded from doing so but, even if considered, the Court finds it insufficient in this instance given the significance of the error.

In summary, the Court cannot say that Defendant's position in defending the complete omission of Dr. Bishop's opinion in the ALJ's decision as harmless error was substantially

---

[4] The Court is also not persuaded by *Arterberry v. Berryhill*, 743 F. App'x 227 (10th Cir. 2018), decided after the Court entered its order of remand in this case. As Defendant recognizes, Arterberry involved (a) a consultative examiner, (b) from a prior disability proceeding, and (c) "one that may have involved different medical issues and evidence, and that resulted in the denial of benefits." *Id.* at 230. Here, we have a treating physician who treated Plaintiff for ten years, saw her in *2012*, and issued an opinion in February 2013 – involving the same medical issues.

justified. The Court finds Defendant has not met its burden and, accordingly, EAJA fees should be awarded.

One issue, however, remains. Plaintiff requests the EAJA fees to be made payable to the attorney subject to any offset by the Treasury Department to satisfy any debts Plaintiff may personally owe the U.S. Government. Defendant contends that if the Court awards EAJA fees, the fees must be payable to Plaintiff, relying on *Astrue v. Ratliff*, 560 U.S. 586, 595-98 (2010) and other decisions. The Court mainly agrees and will account for any potential offset.

### B. The Motion for Fees under 42 U.S.C. § 406(b)

Plaintiff's counsel seeks an award of $15,935.50 for 21.1 hours[5] spent representing Plaintiff before the court.

"Congress… designed § 406(b) to control, not to displace, fee agreements between Social Security benefits claimants and their counsel" within the statutory ceiling. *Gisbrecht*, 535 U.S. at 793. Thus, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 809. In making a reasonableness determination, the Tenth Circuit directs courts to "consider such factors as: (1) the quality of the representation; (2) the results achieved; (3) any delay caused by the attorney that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the time the attorney spent on the case." *Martinez v. Berryhill*, 699 F. App'x 775, 779 (10th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 808). And, if the Court considers a lodestar calculation, it must consider "'the primacy of lawful attorney-client fee agreements.'" *Id*. (quoting *Gisbrecht*, 535 U.S. at 792-93).

---

[5] Plaintiff's counsel represents she spent 19.6 hours but the Court recognizes that she thereafter submitted a second affidavit showing an additional 1.5 hours spent on the EAJA fees reply brief.

To support counsel's requested fees, counsel points to the following: counsel has more than 33 years representing claimants on Social Security disability claims in administrative and court proceedings; counsel's experience allowed her to decrease the number of hours expended on the case – a lesser experienced attorney would have expended considerably more time on the matter; representing claimants on a contingency basis involves a significant risk to an attorney; and the very favorable outcome achieved for Plaintiff. In addition to such facts, the Court also considers there are no allegations that counsel provided substandard representation or unduly delayed the case. These factors all support the requested fees.

Two other considerations do not lead the Court to conclude otherwise here. First, the benefits are large in comparison to the time the attorney spent on the case. Second, under a lodestar analysis, the requested fees would amount to an effective hourly rate of $755.24.[6] The Court is mindful that *Gisbrecht*, 535 U.S. at 808, instructs it to consider whether a downward adjustment should be made under such circumstances. In this instance, considering the above factors and the record as a whole, the Court finds allowing the requested fees would not amount to a windfall for counsel.

### III.     CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That Plaintiff's Application for an Award of Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 21) is GRANTED in the amount of $4,261.78;

---

[6] $15,935.50/21.1 = $755.24. Counsel has not indicated what her normal hourly rate would be, presumably because she practices exclusively in the area of Social Security disability law and handles all matters on a contingency

(2) That if, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

(3) That Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b) Pursuant to Fed. R. Civ. P. 60(b)(6) (ECF No. 24) is GRANTED; and

(4) That, notwithstanding the foregoing, because fees are awarded under the EAJA Application and the Motion, counsel shall refund the lesser of the two to Plaintiff under *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

DATED this 25th day of November, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge